UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE MOORE,

       Petitioner,

                                          CASE NO. 2:06-CV-12876
v.                                JUDGE ARTHUR J. TARNOW
                                          MAGISTRATE JUDGE PAUL J. KOMIVES

CINDI S. CURTIN,

       Respondent.[1]
_____/

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Willie Crowe Moore is a state prisoner, currently confined at the Oaks Correctional Facility in Manistee, Michigan.

    2.    On January 21, 2004, petitioner was convicted of two counts of armed robbery, MICH. COMP. LAWS § 750.529; carrying a concealed weapon, MICH. COMP. LAWS § 750.227; assault with intent to rob, MICH. COMP. LAWS § 750.89; third-degree fleeing and eluding, MICH. COMP. LAWS § 750.479a(3)(a); and three counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Oakland County Circuit Court. Following the jury's verdict, petitioner was also convicted in a short bench trial of one count of

---

    [1]By Order entered this date, Cindi S. Curtin has been substituted for Thomas K. Bell as the proper respondent in this action.

being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and one additional count of felony-firearm. On February 6, 2004, he was sentenced to a term of concurrent terms of 30-60 years' and 6-30 years' imprisonment on the bulk of the charges, and two a mandatory consecutive term of two years' imprisonment on the felony-firearm convictions.

   3. Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claim:

> THE PROSECUTION COMMITTED REVERSIBLE ERROR BY FIRST ASKING MR. MOORE IF HE KNEW THAT THE CHEROKEE VEHICLE HE WAS DRIVING ON THE NIGHT OF THE OFFENSE WAS STOLEN, AND THEN ARGUING TO THE JURY THAT THE VEHICLE WAS STOLEN, WHERE NO EVIDENCE WAS PRESENTED TO THE JURY THAT THIS VEHICLE WAS STOLEN, AND ANY SUCH EVIDENCE WOULD HAVE BEEN IRRELEVANT TO THE CHARGED OFFENSES AND INADMISSIBLE AS EVIDENCE OF AN UNRELATED CRIME, OR, IN THE ALTERNATIVE, MR. MOORE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DUE TO HIS TRIAL ATTORNEY'S FAILURE TO OBJECT TO EITHER THE PROSECUTION'S QUESTION OR THE JURY ARGUMENT.

The court of appeals found no merit to petitioner's claim, and affirmed his conviction and sentence. *See People v. Moore*, No. 254211, 2005 WL 2372032 (Mich. Ct. App. Sept. 27, 2005) (per curiam).

   4. Petitioner, proceeding *pro se*, sought leave to appeal this issue to the Michigan Supreme Court. Petitioner's application was rejected as untimely. *See* Affidavit of Corbin R. Davis, docket #18.

   5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on June 29, 2006. As grounds for the writ of habeas corpus, he raises the evidentiary and ineffective assistance of trial counsel claim that he raised in the state courts, as well as a claim that appellate counsel was ineffective for failing to timely file his application for leave to appeal in the Michigan Supreme Court.

6. Respondent filed his answer on November 29, 2006. He contends that petitioner's claims are barred by petitioner's procedural default in the state courts.

B. *Factual Background Underlying Petitioner's Conviction*

The factual background underlying petitioner's conviction was summarized by the Michigan Court of Appeals:

> This case arose when defendant pulled a stolen red Jeep Cherokee up to four individuals who were about to enter their car. Accompanying defendant were his friend named Rufus, who never left the Cherokee's back seat, and another man referred to only as "D." The victims testified that defendant emerged from the driver's side of the Cherokee holding a large .357 caliber handgun, and D approached them from the passenger side with a much smaller handgun. Defendant and D pointed their weapons at two of the victims and demanded their valuables. After receiving some cash and a purse, defendant waved his weapon at the victims and demanded more. He and D eventually climbed back into the Cherokee and defendant drove them away. One of the victims memorized the license plate number, and the group fortunately happened upon a police car in a nearby alley. They were able to relay the information within moments of the robbery, and police spotted the Cherokee within moments after the vehicle's description was broadcast. During a subsequent police pursuit, the Cherokee struck an Oak Park police car and then a Ferndale police car before coming to a stop. Defendant was eventually arrested after fleeing the scene, and two handguns, a .357 and a starter's pistol, were recovered.
> Defendant relied on the defense of duress. He testified that the victims were mistaken about who held what firearm. Defendant testified that D had the .357 handgun, and that he used it to compel defendant's participation in the robbery with the starter's pistol. He testified that he was only driving Rufus's Cherokee because Rufus had asked him to drive, claiming that his kidney problems prevented him from driving himself. The jury was not persuaded and returned a verdict of guilty on all of the charges that were directly related to the robbery and for fleeing and eluding.

*Moore*, 2005 WL 2372032, at *1, slip op. at 1-2.

C. *Procedural Default*

Respondent first contends that petitioner's claims are barred by petitioner's procedural default in the state courts. The Court should agree with respect to petitioner's ineffective assistance of trial counsel claim, but disagree with respect to petitioner's ineffective assistance of appellate

3

counsel claim.

      1.      *Procedural Default Generally*

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris*, 489 U.S. at 263. Furthermore, "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review . . . of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)); *see also*, *Calderon v. United States Dist. Ct. for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotation omitted) ("For the procedural default doctrine to apply, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.").

      2.      *Petitioner's Claims are Defaulted*

Here, petitioner raised his evidentiary and ineffective assistance of trial counsel claim in the Michigan Court of Appeals. He also attempted to raise the claim in the Michigan Supreme Court, but his application for leave to appeal was rejected as untimely pursuant to MICH. CT. R. 7.302(C)(3). Petitioner's failure to abide by the Michigan Supreme Court's time limitation, and the rejection by the court of his appeal on that basis, constitutes a procedural default of his ineffective assistance of trial counsel claim. *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991); *Rondon*

*v. Trombley*, No. 05-CV-71034, 2006 WL 585563, at *1 (E.D. Mich. Mar. 10, 2006) (O'Meara, J.); *cf. Coleman*, 501 U.S. at 740-44 (dismissal of appeal as untimely under state law constituted procedural default).

With respect to petitioner's appellate counsel claim, it is not clear whether petitioner is presenting this claim as an independent basis for habeas relief, or merely as cause to excuse his procedural default of the other claim. To the extent that petitioner raises the claim as an independent basis for relief, the claim is not procedurally defaulted. To be sure, the claim is unexhausted. The federal habeas statute provides, in relevant part, that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Thus, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). A petitioner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To satisfy the exhaustion requirement, a petitioner "must have 'fairly presented the substance of each of his federal constitutional claims to the state courts.'" *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)). Further, the petitioner must fairly present the claim at each level of state court review. *See O'Sullivan*, 526 U.S. at 845-47.

Here, petitioner did not present his ineffective assistance of appellate counsel claim to any state court, and thus the claim is unexhausted. Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the

petitioner actually presented his claims." *Coleman*, 501 U.S. at 735 n.*. In this case, however, petitioner could still present his ineffective assistance of appellate counsel claim in a motion for relief from judgment pursuant to MICH. CT. R. 6.500-.508. Such a claim would not be barred by the successive motion rule of MICH. CT. R. 6.502(G), because petitioner has not previously filed a motion for relief from judgment. And such a claim would not be barred under MICH. CT. R. 6.508(D) as a claim which was or should have been brought in a prior appeal or motion, because the claim did not arise until after the conclusion of direct review. Because petitioner has an available state court remedy which could be pursued with respect to his ineffective assistance of appellate counsel claim, the claim is not procedurally defaulted.

  3.  *Cause and Prejudice*

With respect to petitioner's defaulted trial counsel claim, review of this claim is barred unless petitioner is able to demonstrate cause for, and prejudice attributable to, his default. *See Coleman*, 501 U.S. at 750; *Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). The Court should conclude that he cannot show cause for his procedural default.[2]

---

[2]Under the "fundamental miscarriage of justice" exception, petitioner can still have his procedurally barred claims reviewed if he can show that the constitutional errors he alleges "'ha[ve] probably resulted in the conviction of one who is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Murray*, 477 U.S. at 496); *accord Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). "[T]o establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (internal quotation omitted)); *accord Kuhlmann*, 477 U.S. at 455 n. 17 (citation omitted).
  Although petitioner raised a duress defense at trial, he does not here argue that he is factually innocent of the charges for which he was convicted, nor has he presented any new, reliable evidence not presented at trial to show his innocence. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

*a. Cause*

As cause for his procedural default, petitioner contends that his appellate counsel failed to timely file his application for leave to appeal in the Michigan Supreme Court. Appellate counsel, in turn, avers in an affidavit attached to the petition that he sent the application via UPS next day air to the supreme court on November 21, 2005, the day prior to the expiration of the time period for filing the appeal. Due to a misdelivery, however, the appeal was not received by the supreme court until November 23, one-day late. These allegations are insufficient to establish cause for petitioner's procedural default.

To establish "cause," petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *see also*, *Coleman*, 501 U.S. at 753. While constitutionally ineffective assistance of counsel may constitute cause to excuse a procedural default, *see Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 488 (1986), counsel's allegedly constitutionally deficient performance cannot constitute cause here, for two reasons. First, as noted above, petitioner has not exhausted his appellate counsel claim as an independent claim in the state courts. As the Supreme Court has observed, "in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to establish cause. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray*, 477 U.S. at 488-89). In order to constitute cause, however, counsel's performance must amount to ineffective assistance of counsel under the Sixth Amendment. *See id*. "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Id*. For this reason, the ineffective assistance claim which is asserted as cause must itself be both

exhausted, *see id*. at 451-52 (discussing *Murray*, 477 U.S. at 489), and not procedurally defaulted, *see id*. at 452-53. Here, petitioner has never presented, in any fashion, his ineffective assistance of appellate counsel claim to the Michigan courts. It is therefore unexhausted, and cannot be used as a basis to establish cause to overcome his procedural default. *See Lott v. Coyle*, 261 F.3d 594, 608-09 (6th Cir. 2001).

Second, appellate counsel's failure to timely file petitioner's application for leave to appeal in the Michigan Supreme Court cannot constitute cause to excuse petitioner's procedural default because, at that point, petitioner had no constitutional right to counsel. As explained below, petitioner had no constitutional right to counsel in pursuing his discretionary appeal in the Michigan Supreme Court. Because only a constitutional violation of the right to counsel constitutes a factor "external to the defense," counsel's ineffectiveness in pursuing petitioner's discretionary appeal cannot constitute cause to excuse his procedural default. *See Coleman*, 501 U.S. at 752; *Ritchie v. Eberhart*, 11 F.3d 587, 591-92 (6th Cir. 1993); *Gentry v. Trippett*, 956 F. Supp. 1320, 1326 (E.D. Mich. 1997).

To the extent that petitioner relies on UPS's failure to timely deliver his application for leave to appeal, his assertion of cause likewise fails. In *Shorter v. Ohio Dep't of Rehabilitation & Corrections*, 180 F.3d 723 (6th Cir. 1999), the court rejected an identical claim, explaining:

> It is immaterial that [petitioner]-and his counsel-could not control the delivery of the brief once it was submitted to the vagaries of the Postal Service's operations. What Shorter's counsel indisputably could control was the decision to entrust the brief to the Postal Service at all, particularly when counsel knew that he was required to file the brief no later than Monday, July 3, 1995, and that he would not be depositing it with the Postal Service until Saturday, July 1. . . .
>     Counsel's efforts to comply with the State's procedural rule were not impeded by some objective factor external to the defense. Counsel's efforts to comply were simply inadequate. "As between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules.

> In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation."

*Shorter*, 180 F.3d at 726 (quoting *Coleman*, 501 U.S. at 754). This reasoning is directly applicable here.[3] Thus, petitioner cannot rely on UPS's late delivery to establish cause for his procedural default.

In short, the Court should conclude that petitioner has procedurally defaulted his evidentiary and ineffective assistance of counsel claim, and that he is unable to establish cause for his procedural default.[4] Accordingly, the Court should conclude that habeas review of this claim is barred, and the Court should deny habeas relief on this claim.

D.  *Petitioner's Non-Defaulted Appellate Counsel Claim*

As noted above, petitioner's ineffective assistance of appellate counsel claim, to the extent raised as an independent basis for habeas relief, is not procedurally defaulted. The claim is unexhausted. However, under the habeas statute a federal court may, notwithstanding a petitioner's failure to exhaust, deny a habeas petition on the merits when the grounds for relief are without merit or are not cognizable on habeas review. *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991); *Prather v. Rees*, 822 F.2d 1418, 1421-1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to exhaust the remedies available in the court of the State."). In these circumstances, the court should dismiss the

---

[3]In *Maples*, *supra*, the Court distinguished *Shorter* on the basis that the petitioner in *Maples* did not have counsel in pursuing his discretionary appeal, and thus had no choice but to entrust his state court filing to prison officials and the postal system. *See Maples*, 343 F.3d at 438-39 Because petitioner had counsel here, *Shorter* controls the outcome.

[4]Because petitioner must establish both cause and prejudice, his failure to establish cause makes it unnecessary to consider the prejudice issue. *See Hargrave-Thomas v. Yukins*, 374 F.3d 383, 389 (6th Cir. 2004); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

non-federal or frivolous claim on its merits to save the state courts the useless review of meritless constitutional claims. *See Cain*, 947 F.2d at 820. Because petitioner's ineffective assistance of appellate counsel claim is plainly meritless, the Court should deny the claim on the merits.

Under Michigan law, a defendant may seek an appeal in the Michigan Supreme Court; however, such an appeal is discretionary. *See* MICH. CT. R. 7.302. Because petitioner has no right to counsel, much less effective counsel, on a discretionary appeal, he is not entitled to habeas relief on this claim. As another district court has explained in addressing an identical claim:

> The Supreme Court has held that there is no constitutional right to counsel to pursue discretionary appeals. *Ross v. Moffitt*, 417 U.S. 600, 619 (1974). Consequently, a defendant cannot receive ineffective assistance of counsel where no constitutional right to such counsel exists. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). The failure of counsel to file an application for leave for discretionary appeal or to include every permissible claim in such an application does not give rise to an ineffective assistance of counsel claim. *See id.* (holding that failure to timely file for writ of certiorari to Florida's highest court does not amount to ineffective assistance of appellate counsel). Petitioner had no constitutional right to counsel to seek leave for discretionary appeal to the Court of Appeals. Accordingly, Petitioner's claim for ineffective assistance of appellate counsel fails on the merits.

*Garcia v. Keane*, 973 F. Supp. 364, 371-72 (S.D.N.Y. 1997) (some citations omitted) (parallel citations to Supreme Court cases omitted); *accord Flores v. Johnson*, 957 F. Supp. 893, 925 (W.D. Tex. 1997). Because counsel's failure to properly file the appeal impaired only petitioner's ability to pursue his discretionary appeal, petitioner's right to counsel is not implicated. *See Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

E.   *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's evidentiary and ineffective assistance of trial counsel claim is barred by petitioner's procedural default in the state

courts. The Court should also conclude that petitioner's ineffective assistance of appellate counsel claim is without merit. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 3/26/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 26, 2007.
>
> s/Eddrey Butts
> Case Manager